UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES & NAOMI CLARK, | : Case No. 3:11-cv-00162 |
| Plaintiffs, | : Judge Timothy S. Black |
| vs. | : |
| WRIGHT MEDICAL TECHNOLOGY, INC., | : |
| Defendant. | : |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 7)**

This civil action is before the Court after being removed from the Court of Common Pleas of Clark County, Ohio. (Doc. 2). The case currently presents upon Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Doc. 7),[1] Plaintiffs' memorandum in opposition (Doc. 8), and Defendant's reply (Doc. 9).

## I. FACTS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiff and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Here, the Plaintiffs allege as follows:

---

[1] Defendant requests oral argument on this motion. (Doc. 7). Local Rule 7.1(b)(2) anticipates oral argument only if it is "deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." Here, the Court finds, however, that the pleadings are clear on their face and that oral argument is not necessary.

On November 29, 2006, Plaintiff James Clark underwent a total left hip arthroplasty. (Doc. 7, Ex. 1 at ¶ 4). The Defendant manufactured, sold, and marketed products used during this procedure, and they were implanted into Mr. Clark's body. (*Id.*) On July 7, 2010, Mr. Clark was walking up stairs when his left hip failed and he fell. (*Id.* at ¶ 5). Medical tests performed after the injury showed that the femoral neck of the components manufactured by the Defendant had fractured. (*Id.* at ¶ 6). That same day, Mr. Clark had a revision of his left hip arthroplasty performed. (*Id.* at ¶ 7).

Plaintiffs consequently allege that as a direct and proximate cause of the Defendant's defective product, Mr. Clark suffered significant personal injury, including bodily injury, pain and suffering, and medical expenses. (*Id.* at ¶¶ 8, 9). Additionally, Mr. Clark's wife, Naomi Clark, alleges that she suffered loss of spousal consortium. (*Id.* at ¶¶ 4, 8, 13). For these injuries, Plaintiffs seek damages in excess of $25,000. (*Id.* at ¶ 13).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The purpose of a motion under 12(b)(6) is to test the sufficiency of the complaint – not to decide the merits of the case. Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief

must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

-3-

### III. ANALYSIS

This action was brought pursuant to Ohio Revised Code §§ 2307.71-.80, which is intended to abrogate all common law product liability claims. O.R.C. § 2307.71(B); (*see also* Doc. 3 at 2). Accordingly, this action was brought under the proper statutory provisions for a defective product.

Defendant claims that Plaintiffs fail to allege facts sufficient to state a claim according to the standards articulated in *Twombley* and *Iqbal*. (Doc. 7 at 2). Specifically, Defendant argues that Plaintiffs' complaint contains only a formulaic recitation of the elements of a cause of action without any factual pleading. (*Id.*)

However, Plaintiffs have pled a plausible cause of action that satisfies *Twombley* and *Iqbal* because Plaintiffs alleged that the product broke either because it was defectively manufactured or defectively designed and have plead with specificity what portion of the product failed and when it failed.[1] (Doc. 3 at ¶¶ 4-9). Furthermore, Plaintiffs claim that since the product failed during normal human activity, it was defective. (*Id.* at ¶ 8). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, as well as the standards articulated in *Twombley* and *Iqbal*, Plaintiff's complaint survives because it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30

---

[1] Medical tests performed after Mr. Clark's fall showed that the femoral neck of the Defendant's components [#6 PROFEMUR Z Plasma Stem, size #58 conserved cobalt-chrome acetabular shell, 52mm conserved class A head, and a VV2 long neck] had fractured." (Doc. 3 at ¶¶ 4, 6).

(6th Cir. 2009); *See, e.g., Foust v. Stryker Corp.*, No. 2:10-cv-5, 2010 U.S. Dist. LEXIS 69771 at *8 (S.D. Ohio 2010) (allegations that a replaced hip product failed while implanted in a human being were enough "to support a plausible inference that the Defendant designed and/or manufactured a defective product"). In short, the complaint here provides sufficient notice to Defendant of the nature of Plaintiffs' claims. *Twombley*, 550 U.S. at 555 (plaintiff's statement must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests."). The federal rules still provide for notice pleading, not fact pleading, and *Iqbal* and *Twombley* did not change that fundamental truth. Plaintiffs have set forth plausible claims and therefore satisfy the standard.

## IV.   CONCLUSION

Accordingly, based on the foregoing, the motion to dismiss (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

Date:  7/11/11

*Timothy S. Back* (signature)
Timothy S. Black
United States District Judge